Anderson, J.,
delivered the opinion of the court.
In this case there was a verdict for the plaintiff below—the defendant here—for §3,000, with interest from the 1st day of March, 1873, till paid. The defendant, the plaintiff in error, moved the court to set aside the verdict and grant it a new trial; which motion the court overruled, and gave judgment against the defendant for the amount of the verdict and costs. There was no exception to the ruling of the court overruling the motion for a new trial, and neither the evidence nor the facts proved are certified; and the case here depends upon the validity of the instructions moved by the defendant, and refused by the court, and the instructions given by the court.
The instructions tendered by the defendant are as follow:
Defendant’s Instruction Ho. 1.
“If the jury shall believe from the evidence that at the time of the execution and delivery of the policy upon which this suit is brought, the wife of George ~W. Hall, the grantor in the deed under which the plaintiff claims the property in said policy mentioned, was alive and had not united in said deed, then she *752 was entitled to a contingent right of dower in said property, and the plaintiff had an interest less than a title in s.aid property, which rendered said policy void, and the jury must find for the defendant.”
Defendant’s Instruction Ho. 2.
“If the jury shall believe from the evidence that at the time of the execution and delivery of said policy, the wife of George W. Hall, the grantor in the deed under which the plaintiff claims the property in said policy mentioned, was alive and had not united in said deed, then she was entitled to a contingent right of dower in said property, which constituted an incumbrance on said property, and if the same was known to the plaintiff and was not disclosed by him to the defendant before the execution and delivery of said policy, then the policy is void and the jury must find for the defendant.”
Defendant’s Instruction Ho. 8.
“If the jury shall believe from the evidence that at the time of the execution and delivery of said policy, the wife of George 'W. Hall was alive and had not united in the deed, and that this was known to the plaintiff' and was not disclosed by him to the defendant, and that if it had been known to the defendant the rate of insurance would have been increased on the policy issued by the defendant, then the jury must find for the defendant.”
Defendant’s Instruction Ho. 4.
“ If the jury shall believe from the evidence that at the time the said policy was executed and delivered, *753 the wife of George "W. Hall, the grantor in the deed under which the plaintiff claims the property mentioned, was alive and had not united in said deed, that the same was known to the plaintiff and was not communicated by him to the defendant, then such concealment is a fraud on the part of the plaintiff, which renders the policy void, and the jury must find for the defendant.”
Defendant’s Instruction Ho 5.
“If the jury shall believe that the plaintiff purchased the property mentioned in the policy at a public sale made by the trustee under a deed of trust, made by George 'W. Hall, for the sum of $4,060, for which he executed four bonds; at the time the policy was issued had paid $851 on one of his bonds, and that the balance of said bond and one other bond was then due, and had no deed or contract in writing for said land; that the wife of said Hall was alive and had not united in said deed, which was known to the plaintiff, and that when the plaintiff applied for insurance he was interrogated as to his title to said property, and the incumbrances thereon, and he did not disclose the true character of his title, the amount of the purchase paid, and the amount due, and the interest of the wife of said Hall in said property, but concealed the same, then such concealment is a fraud on the part of the plaintiff, which renders the policy void, and the jury must find for the defendant.”
It is not predicated in either of the first, second, third or fourth of the foregoing instructions that she who “was the wife of Hall at the time of the execution and delivery of the policy, and was then alive, was *754 tlie wife of Hall at the time the deed, of trust ivas executed by him to Bennett, under which the plaintiff claimed. It is not a conclusion from the fact that she ■was his wife at the time of the execution and delivery of the policy, that she was his wTife at the date of the execution of said deed of trust; and it is not a logical or legal conclusion that she had a contingent right of dower in the property conveyed by the deed of trust, in which she did not unite, from the fact that she was living and was the wife of the grantor at the date of the insurance.
But if it can be implied and understood from the language of the instructions, that she was the wife of the grantor at the date of the deed, it does not necessarily follow that she had at the date of the insurance a contingent right of dower in the property proposed to be insured, as there are other modes by which her right of dower might be barred, or fail to attach, besides the one mentioned in the instructions—the uniting with her husband in the conveyance.
But on broader grounds we think the defendant’s instructions were properly rejected. Conceding that there was an outstanding contingent right of dower in Hall’s wife at the date of the insurance, we are of opinion upon the authority of Wooddy v. Old Dominion Insurance Co., supra p. 362, decided at the present session of this court, that it was not such an interest as shows that the assured was invested with less than a perfect title in the property .insured as is assumed by the first instruction ; or that it was such an incumbrance as “ was contemplated by the parties to the contract of insurance should be disclosed by the assured on the pain of forfeiting his contract for failing to make the disclosure,” as is assumed in the second, instruction proposed by defendant. We deem it unnecessary to repeat what was so well said by Judge Buries, who delivered the opinion in *755 that case, in which the whole court concurred, or to re-argue the questions. The decision is fully sustained by Hough v. City Fire Ins. Co., 29 Conn. R. 10, and numerous other authorities which might be cited.
But there is, we think, a fatal objection to all these instructions that-they do not aver the materiality to the hazard of the facts misrepresented, concealed or omitted. By the terms of the policy the misrepresentation, concealment or omission of any fact by the applicant for insurance, will only render the policy void and of no effect when such misrepresentation, concealment or omission increases the hazard. It also declares that “ if this policy is made and issued upon or refers to an application, survey, plan or description of the property herein insured, such application, survey, plan or description, shall be considered a part of this contract, and a warranty of the assured.” The bill of exceptions states that evidence was offered tending to show that when the plaintiff applied for insurance, he had been interrogated upon various matters respecting the property by the agent of the defendant, and had answered said interrogatories substantially as set forth in the written application which he made and signed at the same time for the insurance of a further sum of $3,000 upon the same property in the Southern Mutual Insurance Company. It also states that the application to the Southern Mutual Insurance Company was made in a printed form, a copy of which is set out in the bill of exceptions. But it is not certified that a similar application was made in this case, but only that the plaintiff had answered the interrogatories substantially as set forth in that application. And it also appears that in that case the assured signed a written covenant of agreement, and it is not shown that he made or signed any such agreement in this case.
But if it sufficiently appears from the foregoing that *756 this policy was made and issued- upon, or refers to any application or description of the property therein insured, so as to make the answers to the interrogatories propounded to the plaintiff the warranty of the assured, we think it does not appear that there was anything in those answers which amounts to a breach of' the warranty.
In support of this conclusion I need only refer to the authorities cited by Jude Christian' in the Southern Insurance Co. against the same defendant in error, supra p. 739.
The avei’ment in the third instruction, that if it had been known to the defendant, the rate of insurance would have been increased on the policy issued by the defendant, is not an averment that the misrepresentation, concealment or omission, would have increased the hazard. It is only tantamount to saying that the insurer would have so regarded it. But the question is not how the insurer might [regard it, but whether the fact misrepresented, concealed or omitted, did increase the hazard.
It is conceded, however, that if the misrepresentations or concealments, or omissions were fraudulent they would vitiate and avoid the policy. The question whether they were fraudulent or not, was a question for the jury, to be determined upon the facts and circumstances as proved. But the fourth instruction asks the court to decide that question for the jury, and to instruct them that the non-disclosure of the fact that the wife of Hall did not unite with him in the said deed of trust, which was known to the "plaintiff and not known to the defendant, was a fraud. If it were within the province of the court to decide that question, and to instruct the jury, the fact of concealment, of itself, was not conclusive of fraud. It might have been the result of the honest belief of the assured that it -was immaterial to the risk, or that it -was not suggested to his mind that it was at all *757 material to the risk, or have resulted innocently from inattention. Whether it was fraudulent or not, depended on the quo animo, the intention with which the fact not disclosed.
The same objection applies to the fifth instruction. The circumstances detailed in this instruction may tend to show fraud, and were proper to be considered and weighed by the jury, in connection with all the other evidence in the cause beai’ing upon the question, if there' was such' other evidence, and upon the whole to deterhaine-whether the concealment attributed to the plaintiff was fraudulent or not. And such enquiry is submitted to the jury by the second instruction asked for by the plaintiff, and which was given by the court with an addition, and which is as follows:
“If the jury believe from the evidence that the plaintiff in good faith answered the interrogatories put to him by the defendant’s agent, at the time the policy of insurance was executed and delivered, respecting his title to the insured property with substantial truth and accuracy, but failed without fraudulent intent to mention that there was probably an outstanding contingent right of dower in the property in favor of the wife of one G. W. Hall, who had been the owner of the property, and conveyed it in trust to Coleman D. Bennett, for whom the plaintiff’s vendor, Green, was substituted as trustee, the wife of .said Hall not having joined in the deed of trust, and that the plaintiff was not interrogated as to said contingent right of dower, and nothing occurred at the time of the contract of insurance to remind the plaintiff’ of said contingent right of dower, his failure to disclose it to said agent did not invalidate the said policy of insurance.”
By this instruction, as far as we have recited it, the jury is put directly on the enquiry of fraud, and are told *758 that if they believe that the answers made by the assured to the interrogatories of the insurer’s agent were made in good faith, and the. non-disclosure of the eontihgent' right of dower in the property by Mrs. Hall was without" fraudulent intent, the policy of insurance is valid:- (The ' court properly refused to give this instruction to the jury .without qualification, because however material the representations or omissions were to the risk, if not with fraudulent intent, but were made or omitted in good faith, it would require the jury to find tbat the policy of insurance was valid, and therefore the court would only give the instruction upon the case stated, that the failure of the assured to disclose the fact did not invalidate the policy of insurance, “unless the jury shall believe from the evidence that George W. Hall was married at the time of the execution of the deed to Coleman Bennett ”— (thus supplying the defect noticed in the defendant’s in-’ structions)—“ and that his then wife was, at the time of the application of the plaintiff, actually alive, and that her contingent interest in the property was a fact which ma- . tefially increased the actual risk of the'defendant.”
The instruction as thus amended and given to the jury covered the whole ground, both as to fraud and as to the materiality of the representations, or concealments, or omissions, as increasing the hazard according to the stipulation in the policy, and we do not perceive that there is any error in it. And the doctrine of the instruction-is not altered or affected by the concluding clause, which is perfectly consistent with the clause which has been recited. It affirms that the non-disclosure of the fact by the plaintiff, without fraudulent intent, that the wife of Hall had not joined .in the deed, did not invalidate the policy, even if the jury should also believe that some months'prior to the date of the policy the plaintiff had had his attention called to the fact. It seems *759 to have been inserted with the view of negativing a conclusion of law contained in some of the instructions tendered by the defendant; and only to assert that if the fact be as stated it could not invalidate the policy, if the jury believe from the evidence that it was without fraudulent intent; which, as we have seen, was a conclusion not warranted without the qualification added by the court, which is therefore made applicable to this clause, as well as to the preceding, and the closing sentence, “And that said Hall and his wife were believed to be both still alive and residing in the state of Georgia, and nothing to the contrary had been learned by plaintiff after that time up to the time the policy was executed.” This might have been, and' more properly, erased from the instruction, and the first clause in the court’s addenda put in the place of it. But that was immaterial, as by the court’s addition it was made necessary, not only that it should appear that Hall and his wife were believed to be still living at the time the insurance was effected, but that his wife was then actually alive, and that she was the wife of Hall at the time of the execution of the deed of trust aforesaid. We are of opinion that the court did not err in refusing the instructions tendered by the defendant, and in giving the second instruction offered by the plaintiff with the qualification.
They were questions for the jury, upon the evidence before them, under these instructions, whether the plaintiff had been guilty of misrepresentations, concealments or omissions which were fraudulent, or whether they were such as increased the hazard of insurance, and if in favor of the plaintiff-, to assess his damages. By their verdict they found for the plaintiff-, and have assessed his damages. Whether they have decided right or wrong, we have not the means of determining. Their verdict was sanctioned by the judge who presided at the trial, *760 and who overruled a motion for a new trial, and to which ruling the defendant took no exception.
Upon the whole, we are of opinion to affirm the judgment of the circuit court, with costs.
Moncure, P., dissented.
Judgment appirmed.